727 A.2d 913

ATTORNEY GRIEVANCE COMMISSION

v.

Mark Patrick BRUGH.

Misc. Docket AG No. 33, Sept. Term, 1998.

Court of Appeals of Maryland.

April 14, 1999.

Melvin Hirshman, Bar Counsel, and Gail D. Kessler, Asst. Bar Counsel, for Atty. Grievance Comm. of Maryland, petitioner.

Gregory C. Bannon, Hagerstown, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

WILNER, Judge.

The Attorney Grievance Commission (AGC) filed a petition against respondent, Mark Patrick Brugh, alleging, in three separate cases, the violations of several rules of professional conduct. In accordance with Maryland Rule 16–709(b), we referred the petition to Judge Fred A. Thayer, recalled from retirement, to conduct a hearing and to make findings of fact and proposed conclusions of law. After a hearing held on October 7, 1998, at which respondent was represented by counsel, Judge Thayer prepared and filed his findings and conclusions.

The complaint common to all three cases is that respondent accepted employment and a retainer fee and then neglected the matter and failed to communicate with his client. Respondent did not contest the underlying facts. In January, 1997, he was retained by Randy Turner in a paternity action. Mr. Turner paid respondent $3,000. Respondent prepared a complaint for custody but never filed it. He accepted service on behalf of Mr. Turner of petitions for paternity, custody, and child support but never sent them to Mr. Turner and never filed a response to them. He failed to advise the client about the status of the case and to return the client's telephone calls. In April, 1997, Mr. Turner terminated the representation. Respondent failed to return either the $3,000 fee or Mr. Turner's complete file.

In May, 1996, respondent was retained by Ms. Stacie Grogin to represent her in a divorce action. Ms. Grogin paid respondent a total of $1,900, in three installments. In September,

1996, respondent entered his appearance for Ms. Grogin by filing an answer and counter-complaint. He failed, however, to answer interrogatories filed in January, 1997, a motion for sanctions filed in February, 1997, or an amended complaint and motion for summary judgment also filed in February, 1997. As a result, Ms. Grogin was prohibited from introducing as evidence any information requested in the interrogatories and, eventually, the motion for summary judgment was granted. Respondent failed to advise Ms. Grogin about the status of her case and failed to respond to her attempts to contact him from December, 1996 through April, 1997. In April, Ms. Grogin terminated the representation and requested a refund. None of the $1,900 has been refunded.

In January, 1997, Curtis Clopper retained respondent to represent him in a divorce matter. He paid respondent $620—a fee of $500, a $90 filing fee, and a $30 service of process fee. Respondent prepared a complaint but never filed it. He also failed to respond to the many attempts made by Mr. Clopper and his family to contact him. In May, 1997, Mr. Clopper terminated the representation. Respondent refunded the $120 advanced as a filing and service of process fee, but he did not repay any part of the $500 attorney's fee.

Respondent was admitted to the Maryland Bar in 1990 and commenced practice in Washington County. In 1994, he opened a solo practice. From 1991 through 1996, respondent taught two courses at Hagerstown Community College. He was able to handle his teaching assignments successfully. Although he was able to provide representation to some clients on a selective basis, he "became overwhelmed in solo private practice." He was unable to keep a secretary for any significant period of time; mail was left unopened and telephone calls went unanswered. He "avoided his clients, often either sitting in the office with the lights turned off and the door locked or merely driving around Hagerstown aimlessly." Judge Thayer found no concrete evidence of alcohol or substance abuse. Respondent did have marital problems, however. He had been having an extramarital affair since November, 1996, and, in June 1997, he and his wife separated.

Respondent was evaluated by three psychiatrists. Dr. Tellefson opined that he suffered from an "adjustment disorder in the early months of 1997," based on stressful events occurring in 1996, principally the downturn in his practice. She did not believe that he suffered from a major depression. She said that, although he had difficulty at times functioning as an attorney, it was not a complete dysfunction, as he continued to provide service to some clients and was able to continue teaching and maintain social contacts. Dr. Wagner diagnosed "depressive disorder NOS" (not otherwise specified). Dr. Fawaz opined that respondent had "major depression, severe, in full to partial remission." On this conflicting evidence, Judge Thayer found that respondent suffered from an adjustment disorder not amounting to a major depression, from mid–1996 until mid–1997, and that, "while the dysfunction certainly affected [his] full ability to practice law, it did not totally disable him in his law practice and it certainly was not the sole cause of his neglect in each of the three cases here under consideration."

In May, 1997, respondent began to pay more attention to his law practice and "to function more fully in the operation of his law office and in the representation of his clients." He attributed that recovery to his resumption of antidepressant medication and regular therapy sessions, which he believes will be required for the rest of his life. At some point, respondent filed for bankruptcy, but he reaffirmed his debts to the three clients involved in the AGC complaint and expects them not to be discharged. At oral argument before us, respondent, through counsel, confirmed his intent to discharge those debts within six months. Judge Thayer found that respondent was genuinely remorseful.

On this evidence, Judge Thayer found in each case a violation of Maryland Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), 1.4 (communication with client), 1.16 (requirements upon termination of representation), and 8.4(d) (conduct prejudicial to the administration of justice). Upon those findings, AGC has recommended that respondent be

suspended from the practice of law indefinitely, with the right to reapply no earlier than one year from the date of suspension. AGC also recommends a number of conditions to any reinstatement. Respondent took no formal exception to Judge Thayer's findings but urges that during the relevant period he was "diagnosed with depression" and "was disabled and unable to recognize the full extent of any disability." He notes that he has cooperated with Bar Counsel, that he intends to repay the three fees, and that he is remorseful. He asks that he not be suspended. At oral argument, he suggested a reprimand.

In *Attorney Griev. Com'n v. David,* 331 Md. 317, 628 A.2d 178 (1993), we had before us a somewhat similar case, of a lawyer who had accepted representation and fees from several clients and then failed to attend to the clients' cases. There were two other aggravating circumstances in that case, however: the lawyer failed to cooperate with Bar Counsel, and, in one case, he received funds belonging to the client and failed to remit them to her in a timely manner. We suspended the lawyer indefinitely, with the right to reapply after six months. This case does not have those aggravating circumstances and therefore does not merit the kind of suspension recommended by AGC. It is a serious matter, however, when an attorney neglects a case he or she has undertaken, when an attorney fails to keep a client advised as to the status of the client's case, and when, upon termination of a representation, an attorney fails to comply with the obligations of MRPC 1.16. The function of discipline is to protect the public, and we do not believe that a mere reprimand is sufficient, in light of these violations, to achieve that purpose. A suspension, with reinstatement subject to conditions, is appropriate.

Accordingly, commencing 30 days from the date of this Order, respondent, Mark Patrick Brugh, shall be indefinitely suspended from the practice of law, with the right to reapply for reinstatement after the suspension has been in effect for 60 days. Reinstatement shall be conditioned on respondent's (1) payment of all costs in this matter; (2) reimbursement, or

presentation of a written plan satisfactory to Bar Counsel providing for the reimbursement within six months from the date of this Order, of unearned legal fees of $3,000 owed to Mr. Turner, $1,990 owed to Ms. Grogin, and $500 owed to Mr. Clopper; and (3) engagement, at his expense, of an attorney monitor acceptable to Bar Counsel, to oversee respondent's practice of law for a period of one year and to provide Bar Counsel with monthly reports for six months and quarterly reports for the remaining six months. During the 30–day period prior to the commencement of his suspension, respondent shall take all appropriate steps to inform his clients, opposing counsel or parties, and all courts and agencies in which he has any matter pending of the suspension, make appropriate arrangements for the handling of client affairs during the period of suspension, and file an affidavit with Bar Counsel attesting that he has complied with these conditions.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MARK PATRICK BRUGH.